355 So.2d 228 (1978)
Nelson Lee SPOTTS, Appellant,
v.
Linda Lou SPOTTS, Appellee.
No. FF-480.
District Court of Appeal of Florida, First District.
February 24, 1978.
*229 Barry J. Fuller, Orange Park, for appellant.
Frank M. Scruby of Scruby, Yonge & Cobb, Orange Park, for appellee.
MILLS, Judge.
The husband appeals from a final judgment in a dissolution of marriage action contending the trial court erred in providing for future automatic child support increases without a hearing, in considering business depreciation as a source of income, in awarding child support of $300.00 per month per child, and in awarding the wife lump sum alimony of $25,000.00.
The husband and wife were married in 1965 upon their graduation from college. The wife became a teacher and has continued to follow this profession. The husband held several jobs, returning to college in 1968 to pursue a veterinary course which he completed in 1973. The husband and wife worked while the husband was attending the veterinary course. During this period of time the wife contributed earnings of $29,900.00 to the family and the husband contributed $17,300.00 plus $5,500.00 he had to borrow and on which he now owes $4,500.00. Upon graduation the husband, along with his family, moved to Jacksonville. The wife continued teaching and the husband began work with a veterinarian.
At the time of the hearing the husband was a self-employed veterinarian of about one year and the wife was still employed as a school teacher. The annual gross income of the husband was about $20,440.00, that of the wife was $9,159.00. The children born of the marriage were approximately six years and two years of age. The husband owed approximately $74,000.00 on loans required to set up his practice. He had an approximate equity in the property of $30,900.00. The husband owed about another $29,000.00. The future earning capacity of the husband appeared very good.
The final judgment required the husband to pay child support of $300.00 per month per child and beginning in 1978 to increase the child support $10.00 per month per child for each $1,000.00 per annum of the husband's net income which exceeds $20,000.00 to which depreciation claimed is to be added. It also ordered the husband to pay the wife $25,000.00 as lump sum alimony payable monthly over a period of years.
We find no error in the method used by the trial court in providing for future automatic child support increases. The amount of the increase is small. The formula used by the court is precise and definite and will save time and money of all involved because they will not be returning to court every time the husband's net income increases. The husband's right to move for modification under appropriate circumstances is still preserved.
The court did err in considering business depreciation as a source of income. Section 167(a) of the Internal Revenue Code of 1954, as amended, provides:
"There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) 
(1) of property used in the trade or business, or
(2) of property held for the production of income."
The Congress of the United States has recognized that before a net income figure can be reached, depreciation of the property used to produce income must be deducted. Depreciation, therefore, is not income. It is a cost of producing income. This provision is stricken from the final judgment.
The court did not abuse its discretion in awarding child support of $300.00 per month per child. The record reflects the need of the children and the ability of the husband (father) to pay.
The court did abuse its discretion in awarding the wife $25,000.00 lump sum alimony. The wife was earning $9,159.00 annually, the husband $20,440.00. The wife had no liabilities. The husband had liabilities in excess of $100,000.00. The wife was awarded all of the household goods and furniture and a 1975 automobile. The husband *230 must pay $7,200.00 in annual child support. The husband was required to pay the wife's attorney's fee. Although the husband appears to have a good future ahead of him, he has sizeable obligations to meet for some years to come. In order to meet the obligations, he must work diligently and from his gross revenue have enough left after meeting the above mentioned obligation to maintain and preserve his practice as a veterinarian and provide a living for himself.
Although the wife worked during the entire marriage, particularly while the husband was attending veterinary college, and contributed her earnings to the family, so did the husband. During this period she contributed about $7,000.00 more than the husband. Apparently, this was the basis for the award of lump sum alimony.
The husband and wife now occupy a position of equal partners. Whether the marriage continues or is severed, the woman is as fully equipped as the man to earn a living. The husband and wife share equal rights and obligations in the marriage relationship and share equal burdens in the event the marriage is dissolved. Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974).
We, therefore, reduce the lump sum alimony to $7,000.00 to be paid in the same manner as provided in the final judgment.
Affirmed in part; reversed in part.
McCORD, C.J., concurs.
BOYER, J., concurs in part and dissents in part.
BOYER, Judge, concurring in part and dissenting in part.
I concur regarding child support and the formula devised by the learned trial judge. I would not disturb that formula. However, in my view this is not a proper case for lump sum alimony. I would therefore reverse and remand for the trial court to reconsider periodic alimony on a rehabilitative basis. *418