365 So.2d 1050 (1978)
William A. REID, Appellant,
v.
Demetria REID, Appellee.
No. 77-1698.
District Court of Appeal of Florida, Fourth District.
December 27, 1978.
*1051 Joseph A. Rosier, Orlando, for appellant.
Kendall T. Moran, Titusville, for appellee.
BERANEK, Judge.
This is an appeal by the husband from a final judgment in a dissolution of marriage proceeding. The marriage lasted 26 years and at the time of the dissolution two minor children were the subject of a custody dispute. The trial court split the custody of these children with the wife receiving custody of the younger child.
The court awarded the wife child support of $25.00 per week and periodic alimony of $25.00 per week until such time as the younger child reached the age of 18. At that point the wife's alimony was to be increased $25.00 per week so that she would still receive the same total sum of $50.00 per week. The final judgment also ordered that if custody of the younger child were ever transferred to the husband, that the wife's alimony would automatically increase by $25.00 per week. The court also awarded to wife the husband's interest in the parties' jointly owned homeplace as lump sum alimony and ordered that the wife receive all furnishings in the home as lump sum alimony. We find the awards of periodic and lump sum alimony erroneous and reverse.
The award of periodic alimony was in the form of an automatic increase of $25.00 per week based on the happening of either of two events. If the child in the wife's custody were to be transferred to the husband, then the wife's alimony would be increased. Alternatively, if this child reached 18 while still in the wife's custody, alimony was to increase. Although there may be circumstances in which a predetermined automatic increase in alimony is proper, the instant facts are not such a case. Here, the husband will be paying the same amount whether the wife has custody of the minor child or not, and will be paying the same amount when child support would regularly terminate on the child's 18th birthday. The court's order merely redesignates the amount as alimony rather than child support. We find this to be error and reverse. See Richter v. Richter, 344 So.2d 889 (Fla. 4th DCA 1977).
The trial court also awarded the wife the husband's interest in the jointly owned homeplace as lump sum alimony. Before the wife can be awarded the husband's interest as lump sum alimony, there must be a positive showing of necessity on her part, as well as the financial ability of the husband to meet that necessity. Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976). In this case the marital home was owned free and clear without a mortgage and the transfer of this asset to the wife left the parties in a strikingly disproportionate financial situation. This is particularly true in view of the fact that each party had custody of one child. Here the wife worked in a drug store and the husband was employed as an air conditioning mechanic and their contributions to the home were not disproportionate. The court had denied the wife's claims of a special equity in the home. Indeed, it appears that the award of the house was not motivated by traditional concepts of alimony. Appellee argues before this court that the reason for the award of lump sum alimony in the *1052 form of the house was because the parties were too hostile toward each other to own the property jointly. Although realistically appealing, we do not find it to be a sufficient reason to uphold the award. The lump sum alimony law of this State is still to the effect that the court cannot make a property settlement for the parties. See Palmer v. Palmer, 330 So.2d 839 (Fla.2d DCA 1976) and Owen v. Owen, 284 So.2d 384 (Fla. 1973). Therefore, the award of lump sum alimony is reversed and the matter remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
MOORE, J., and FRANZA, ARTHUR J., Associate Judge, concur.