404 So.2d 840 (1981)
Elizabeth B. BISH, Appellant,
v.
Thomas A. BISH, Appellee.
No. ZZ-94.
District Court of Appeal of Florida, First District.
October 14, 1981.
Eric C. Eggen, Pensacola, for appellant.
No Appearance for appellee.
PER CURIAM.
The wife appeals a final order on petition for modification finding a substantial change in the husband's financial condition since the parties' divorce in 1979 and ordering the elimination of the requirement that the child support provision be adjusted twice yearly based on changes in the National Consumer Price Index. We reverse.
The parties agreed upon the cost of living adjustments in a separation agreement which was ratified and incorporated in the final judgment of dissolution. Therefore a heavier burden rested upon the husband in this modification proceeding than would otherwise be required. Burdack v. Burdack, 371 So.2d 528 (Fla. 2nd DCA 1979). We agree with appellant's contention that the husband did not meet this burden. The evidence simply shows that subsequent to the divorce, the husband left his employment with Westinghouse where he received cost of living salary increases and began employment with Florida Power and Light in Dade County making a higher salary but not the cost of living increases. The husband testified that his overall financial condition worsened while in South Florida because of the high cost of living there and because he was unable to make money on his expense account with Florida Power and Light as he had been able to do with Westinghouse. At the time of the final hearing, the husband had made arrangements to return to work with Westinghouse in the Jacksonville area. A fundamental prerequisite to modification based upon *841 change of circumstances is a showing that the change is sufficient, material, involuntary and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). Such a showing as not made in this case. Accordingly, the order of the trial court is REVERSED.
IT IS SO ORDERED.
BOOTH, LARRY G. SMITH, and SHIVERS, JJ., concur.