417 So.2d 298 (1982)
Clarence Howard MILLS, Appellant,
v.
Hazel I. MILLS, Appellee.
No. AH-5.
District Court of Appeal of Florida, First District.
July 23, 1982.
James G. Etheredge, Fort Walton Beach, for appellant.
Paul G. Komarek, Panama City, for appellee.
WENTWORTH, Judge.
This appeal challenges an order modifying the parties' 1971 divorce decree. The modification order increased the wife's permanent periodic alimony from $200 per month to $500 per month, and ordered that the alimony "shall increase automatically in an amount equal to one-half of the gross of any increase received by the husband in [military] retirement income, ..." Appellant is a retired Air Force colonel who receives regular increases in his retirement benefits based on the consumer price index.[1]
*299 Relying on the principles discussed in McCarty v. McCarty,[2] appellant argues that the trial judge erred in awarding alimony to appellee in the amount of a fixed percentage of his retirement pay. This argument was rejected in Cullen v. Cullen, 413 So.2d 1196 (Fla. 1st DCA 1982), and need not be further treated. However, appellant here challenges the award on a ground not raised in Cullen. The award provides for automatic increases in alimony, which according to appellant amount to automatic modifications without requiring evidence of changed need or ability to pay.[3] For reasons discussed below, we find that the award was not an abuse of discretion.
Decisions which have reversed alimony awards containing automatic increases have involved situations where there is no evidence that the paying spouse's ability to pay will increase in correlation with the increases provided in the award. See Stoler v. Stoler, 376 So.2d 253 (Fla. 3d DCA 1979); Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA 1978). In this case, however, the increases will occur only in proportion to an increase in appellant's ability to pay.[4] And since the increases are based on a cost of living index,[5] the appellee's need will necessarily increase proportionately, subject of course to the continuing right of the parties to prove any independent change of condition which might affect need or ability to pay. Thus, the award is actually designed to maintain the status quo, not to provide for modifications based on changed circumstances. If changed circumstances do arise in the form of a decrease in the appellee's needs, or in the appellant's overall ability to pay, the appellant will, as noted, be free to seek a modification at that time.
While there does not appear to be a Florida case directly on point, Spotts v. Spotts,[6] involved an analogous child support order. In Spotts, the husband was required to pay $300.00 per month per child and "to increase the child support $10.00 per month per child for each $1,000 per annum of the husband's net income which exceeds $20,000.00... ." Spotts at 229. We recognize that child support obligations and alimony obligations often involve different considerations, but the primary concerns in both are the obligor's ability to pay and the needs of the recipients. In affirming the award in Spotts, we noted that:
The formula used by the court is precise and definite and will save time and money of all involved because they will not be returning to court every time the husband's net income increases. The husband's right to move for modification under appropriate circumstances is still preserved.
Id. at 229. The same reasoning applies to the alimony award in this case.
Appellant also challenges the increase in the basic alimony award on the grounds that appellee did not demonstrate a sufficient change in circumstances to warrant it. We have examined the record, and find no abuse of discretion on the part of the trial judge. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
For the foregoing reasons, the modification order is affirmed.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] 10 U.S.C. § 1401a provides in pertinent part:

§ 1401a. Adjustment of retired pay and retainer pay to reflect changes in Consumer Price Index.
(a) Unless otherwise specifically provided by law, the retired pay or retainer pay of a member or former member of an armed force may not be recomputed to reflect any increase in the rates of basic pay for members of the armed forces. In this section, "Index" means the Consumer Price Index (all items, United States city average) published by the Bureau of Labor Statistics.
(b) Each time that an increase is made under section 8340(b) of title 5 in annuities paid under subchapter III of chapter 83 of such title, the Secretary of Defense shall at the same time increase the retired and retainer pay of members and former members of the armed forces by the same percent as the percentage by which annuities are increased under such section.
5 U.S.C. § 8340(b) provides:
(b) Except as provided in subsection (c) of this section, effective March 1 of each year each annuity payable from the Fund having a commencing date not later than such March I shall be increased by the per cent change in the price index published for December of the preceding year over the price index published for December of the year prior to the preceding year, adjusted to the nearest 1/10 of 1 percent.
[2] 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).
[3] Alimony is of course based on the needs of one spouse and the ability of the other spouse to pay. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). It is equally well established that modification of an alimony award may be granted only upon a showing of change in either the needs of the recipient spouse or the ability of the providing spouse to pay. Powell v. Powell, 386 So.2d 1214 (Fla. 3d DCA 1980).
[4] We note that it is proper to consider anticipated increases in the paying spouse's income when determining the amount of alimony. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Cocalis v. Cocalis, 103 So.2d 230 (Fla. 1958).
[5] See footnote 1.
[6] 355 So.2d 228 (Fla. 1st DCA 1978).