420 So.2d 115 (1982)
David C. KANGAS, Appellant,
v.
Mary Jo KANGAS, Appellee.
No. 82-598.
District Court of Appeal of Florida, Second District.
October 8, 1982.
*116 Ronald L. Collier of Rosin, Abel, Band, Brown & Russell, Chtd., Sarasota, for appellant.
No appearance for appellee.
GRIMES, Acting Chief Judge.
Reciting that the husband was unemployed at the final hearing, the final judgment of dissolution ordered him to pay the wife support of $10 per week for each of their three children but provided that after he became employed, his child support obligations would increase to $35 per week per child. The husband had recently lost his job when the State of Florida abolished compulsory motor vehicle inspections. The husband contests the contingent future increase in child support.
Judgments providing for automatic changes in alimony and support payments upon the occurrence of future events have not usually found favor in Florida. Stoler v. Stoler, 376 So.2d 253 (Fla. 3d DCA 1979); Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA 1978); Richter v. Richter, 344 So.2d 889 (Fla. 4th DCA 1977); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976). There is no evidentiary basis for the determination of future events, and there is an adequate procedure for modification when changes in the circumstances of the parties do occur. Stoler v. Stoler. However, certain prospective modifications have been upheld when they were carefully conditioned upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party. See Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA July 23, 1982) (alimony increased by one half of the gross of increases in husband's military retirement income); Spotts v. Spotts, 355 So.2d 228 (Fla. 1st DCA 1978) (child support increased $10 per month per child for each $1,000 annual increase in husband's income).
While clearly intended to be a practical vehicle to obviate the need of the parties to return to court when the husband obtains a job, we find the court's provision for the future increase of child support too imprecise. While each child's need for support of at least $35 per week might be assumed, the court had no way of foreseeing that once the husband procured employment his ability to pay would be commensurate with his obligation to do so. The amount of the prescribed increase bears no relationship to what the husband might earn in his new job. Needless to say, our ruling does not preclude the filing of an appropriate motion for modification of the child support payments at such time as the husband obtains a job or even if he fails to diligently seek one.
We reverse that portion of the judgment providing for the future increase of child support. In all other respects, the judgment is affirmed.
SCHEB and SCHOONOVER, JJ., concur.