MILLS, Judge.
Husband seeks review of the trial court’s order denying his motion to terminate support and granting wife’s petition for modification. We find no abuse of discretion and affirm.
Husband and wife were divorced on 20 April 1978. In the final order of dissolution, the trial court: (1) granted wife exclusive use of the marital home along with the furniture, fixtures, and appliances located therein; (2) ordered husband to make mortgage payments on the marital residence; (3) granted wife rehabilitative alimony in the amount of $75 per week for four years; and (4) reserved jurisdiction to modify, extend, or terminate the award of alimony depending on the circumstances and conditions existing at the end of that time.
On 5 April 1982, husband filed his motion to terminate alimony. Wife responded on 15 April 1982 by petitioning for an increase in alimony. After a hearing on the motions, the trial court converted the prior award of rehabilitative alimony to permanent alimony and ordered husband to continue to make mortgage payments on the marital home. This appeal followed.
The record shows that wife is an elderly woman who has attempted but failed to become self-sufficient. After the divorce, she held various jobs, none of which earned her substantial income. The trial court found that terminating alimony at the present time would place wife in a dire situation. Therefore, there was no abuse of discretion in denying husband’s motion and in converting the rehabilitative alimony into permanent alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).
AFFIRMED.
ERVIN and BOOTH, JJ., concur.