440 So.2d 45 (1983)
Leonard W. PENKOSKI, Appellant,
v.
Linda A. PATTERSON, Appellee.
No. AQ-427.
District Court of Appeal of Florida, First District.
November 9, 1983.
*46 Donald R. Colpitts and George E. Day, Fort Walton Beach, for appellant.
Ferrin C. Campbell, Sr., Crestview, for appellee.
PER CURIAM.
Appellant seeks review of a dissolution decree which also effected a division of marital property, awarded child custody, and imposed a support obligation. We find that the court erred as to the support obligation imposed, and we otherwise affirm the order appealed.
Pursuant to the dissolution decree, appellant is required to pay child support in the amount of $300 per month until the child attains the age of five; $400 per month thereafter until the child attains the age of ten; and $500 per month thereafter. Judgments providing for automatic changes in support payments are generally disfavored, as there is no evidentiary basis for the determination of future events, and there exists an adequate procedure for modification when changes in the circumstances of the parties do occur. See Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982). Unlike Spotts v. Spotts, 355 So.2d 228 (Fla. 1st DCA 1978), in the present instance the automatic increases are not conditioned upon specifically articulated future occurrences warranting a presumption that appellant will necessarily have a greater ability to pay. Instead, the support increases occur regardless of any external circumstances. Such an award is contrary to the principle that support should be based upon need and ability to pay; the lower court erred in mandating unconditioned automatic increases in support payments.
We conclude that any standard which could force a party to accept a decree based on clairveyance of the trial judge would be clearly less desirable than one which enables the judge to make a decision based on present conditions, leaving the parties to make their own decisions when monetary ability and needs change. The latter course has a tendency immediately to impress upon both parents the need for cooperation, not just with respect to monetary matters but as to all other conditions that may later affect the child. This rule places the burden of providing for future support needs of the child, and changing *47 obligations of the parents, precisely where that burden belongs  upon the parents themselves. They may formalize a change by a two-line modification of support agreement. If either parent lacks the maturity and judgment to make those adjustments, a return to court is probably inevitable regardless of anticipatory provisions of the final judgment. If there is a prospect of added expense and emotional turmoil from the necessity for future judicial modification, that burden should be recognized as the result of lack of parental cooperation and recognition of changed circumstances, rather than a lack of judicial intervention in future affairs which are presently impossible to evaluate in context.
The order appealed is affirmed in part and reversed in part, and the cause remanded for redetermination of appellant's support obligation.
LARRY G. SMITH and WENTWORTH, JJ., concur.
JOANOS, J., dissents in part with opinion.
JOANOS, Judge, dissenting in part.
It should be permissible within the sound discretion of the circuit judge to enter a judgment providing for the periodic escalation of child support where the circumstances warrant it. The ever increasing needs of children as they age as well as the effects of inflation are reasonably forseeable. Likewise, the breakup of a marriage is a time when marriage debts and attorney's fees have to be paid. It is reasonable to project ahead that as those matters are taken care of there will be more money available for child support. We should look with favor upon a judgment that sets out a future pattern that the parties can plan around. The circuit judge showed wisdom in looking to the future. To discourage the entry of forward looking judgments and to encourage the frequent return to the courtroom should not be favored. The "... adequate procedure for modification ..." referred to by the majority is both expensive and fraught with emotional shock. It oftentimes continues a war that should have ended long before. It is also a drain upon the labors of the trial bench. The judgment appealed from should be affirmed in total.