450 So.2d 1123 (1983)
Susan S. LEWIS n/k/a Susan Burch, Appellant,
v.
Robert M. LEWIS, Appellee.
No. 83-458.
District Court of Appeal of Florida, Second District.
November 23, 1983.
On Rehearing January 25, 1984.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellant.
Robert M. Lewis, pro se.
PER CURIAM.
Affirmed.

ON MOTION FOR REHEARING
In the motion for rehearing counsel for appellant wife cites Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983), which discusses *1124 the subject of so-called "PCA's", i.e., per curiam affirmances without opinion, and grounds for motions for rehearing. Whether or not the rendering of our per curiam affirmance in this case on November 23, 1983, was consistent with Whipple is a fairly close question as to which the well-presented position of appellant is persuasive. In any event, especially since a conclusion might be drawn from many other motions for rehearing filed with this court subsequent to Whipple that many lawyers have been unaware of Whipple, there is another reason for the writing of an opinion in this case: to call attention to Whipple.
The parties were divorced in 1979 while the husband was attending law school. The wife received custody of their infant son. Pursuant to a settlement agreement, the husband was to pay child support of $30.00 per week for a period of three and one half years and, after being engaged in the active practice of law for one year following graduation, the husband was to pay increased child support in an amount equal to twenty-five percent of his gross annual salary.
The husband graduated from law school in 1981 and by the time of the final hearing in January 1983 was receiving an annual salary of $22,470.24. The husband filed a complaint seeking modification of his child support obligation. The evidence presented to the trial court included testimony that the husband's expenses exceeded his income and that he was unable to make the percentage child support payments.
The trial court found that a substantial change of circumstances had occurred and, pursuant to section 61.14, Florida Statutes (1981), modified the husband's child support obligation by ordering the husband to continue making child support payments of $30.00 per week. The trial court retained jurisdiction to review the amount of child support upon motion of either party during a period of one year.
Other facts involving details of the parties' respective financial positions are unnecessary to this opinion.
The wife concedes that the record could support a finding of the inability of the husband to pay the agreed upon percentage amount of child support. We agree with the wife that the mere inability of the husband to pay is not enough to justify modification of support. Under section 61.14 "changed circumstances" sufficient to justify a modification of child support must be unanticipated, Coe v. Coe, 352 So.2d 559 (Fla. 2d DCA 1977); Ashburn v. Ashburn, 350 So.2d 1158 (Fla. 2d DCA 1977), and significant. Burdack v. Burdack, 371 So.2d 528 (Fla. 2d DCA 1979); Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981).
Accordingly, the general issue here is whether the husband's present inability to pay was a significant circumstance unanticipated at the time of the settlement agreement. More specifically, the issue involves whether the record would support a finding of an income level of the husband lower than that foreseen at the time of the agreement or, probably more to the point, his expenses being higher than those anticipated.
Under the facts of this case we believe those questions were for the trial court in the exercise of its discretion. We recognize the wife's arguments, which are persuasive, that on an item by item basis no expenses of the husband were not unanticipated, i.e., that the husband's expenses and income were foreseeable. The wife's position, in essence, is that since no particular items of expense or income of the husband are shown by the record to have been unanticipated, we, in our per curiam affirmance, must necessarily have departed from the foregoing established principles of law.
However, the issue of foreseeability is generally for the finder of fact. We are unable to say that the trial court, which heard the evidence and observed the witnesses, had no basis to find that the husband's inability to pay was not foreseeable. That we might well differ with the trial court in that regard is not the point. See *1125 Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We recognize that this case is different from Canakaris, the facts of which concerned a trial court's discretion to initially determine matters such as alimony and child support. Here the settlement agreement was initially approved by another trial court in connection with the dissolution decree. However, the standards of Canakaris regarding the trial court's discretion were made specifically applicable to "a domestic relation proceeding," 382 So.2d at 1202, and, of course, that is what is involved here. Also, under section 61.14(1) a trial court has far greater authority to judicially change a contract which is a settlement agreement subject to court approval than to review a contract in a normal commercial setting. We feel that a dissolution settlement agreement requiring one spouse to pay a fixed percentage share of that spouse's gross income for child support, no matter how high or how low that income becomes, no matter what the spouse's expenses may be, and no matter how much or how little the spouse with custody of the child receives as compared to the child's needs, is subject to close scrutiny and is more vulnerable to modification on the basis of changed circumstances than is the customary type of child support settlement agreement which is designed to provide for an amount at least comparable to the child's needs. The type of percentage provision involved here could produce a windfall to the spouse who has custody, over and above amounts needed for child support. Or, conversely, it could shortchange that spouse in providing for the child's needs.
The wife argues that Florida case law recognizes these types of support provisions as valid, citing Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981); Spotts v. Spotts, 355 So.2d 228 (Fla. 1st DCA 1978); and Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982). However, none of those cases involved child support where the entire amount was to be based upon a percentage of the husband's gross income and where, as here, there was, at the time of the trial court's initial approval of the child support provision, no way to know its amount or, more importantly, its impact relative to child support needs and the husband's financial ability. The percentage provision here was to govern the entire amount of child support some years in the future. All of those cases cited by the wife involved methods of automatic increases to otherwise fixed amounts of alimony and child support; none involved the entire amount being based upon an apparently arbitrary percentage of gross income.
In Mills and Bish the increases were keyed to factors which had a relation to increased needs and/or abilities to pay  military retirement pay increases and cost of living increases, respectively. In Spotts, the court approved a provision involving a particular dollar amount increase of child support as equated to particular amounts of the husband's future increased net income. The First District Court of Appeal in Spotts, approving the provision, pointed out that the amount of increase was small and would save the parties the time and expense of coming back to court each time the husband's net income increased.
In Kangas, this court specifically said that
judgments providing for automatic changes in alimony and support payments upon the occurrence of future events have not usually found favor in Florida... . There is no evidentiary basis for the determination of future events, and there is an adequate protection for modification when changes in the circumstances of the parties do occur.
Id. at 116, citing substantial case law. In the case now before us there was certainly no evidentiary basis to know, at the time the settlement agreement was approved, whether the percentage amount would have any fair relationship to the child's needs or to the husband's abilities. Kangas further distinguished Mills and Spotts by saying that the methods for modification *1126 in those cases were "carefully conditioned upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party." Id. at 116. Under the percentage provision here, there was no way to preclude unfairness, and the trial court on the motion for modification could have, and obviously did, determine that it was unfair. Also, a trial court might feel in these circumstances that the parties anticipated, or were presumed to have anticipated, that the percentage would produce an amount reasonably related to the wife's needs to raise the child and that the result was not shown to be consistent with those needs and, therefore, was unanticipated.
The wife has not raised on appeal any alleged error by the trial court in failing to properly consider the needs for child support, and other factors bearing upon the proper amount of child support, in the fixing of $30.00 per week as the amount to be paid. Apparently the wife's contentions before the trial court, as here, were that the amount should be governed solely by the percentage specified in the settlement agreement. Upon ruling against the wife in that respect, the trial court reverted to the only other amount which had been agreed to by the parties, $30.00 per week.
Accordingly, we grant the motion for clarification and deny the motion for rehearing.
OTT, C.J., and LEHAN, J., concur.
SCHOONOVER, J., would deny the appellant's motion in its entirety.