PER CURIAM.
This was a bitter, protracted, emotional dissolution of marriage case that deserves to be finally laid to rest. We shall undertake to do so.
1. There is no error in the trial court’s modification of rehabilitative alimony to lump sum alimony some three years after entry of final judgment when the Wife’s petition therefor was filed seven months after judgment and before the expiration of the rehabilitative payments. Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981). This is particularly true where the three year space was attributable to a torturously delayed child custody dispute, continuances, and the unavailability of the judge originally assigned to the case.
2. There is no error in the trial court’s modification of alimony from rehabilitative to lump sum, particularly in view of the compelling circumstance of this case. Drainville v. Drainville, 427 So.2d 1095 (Fla. 1st DCA 1983); Wolfe v. Wolfe, 424 So.2d 32, 35 (Fla. 4th DCA 1982); Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975); Section 61.08(1), Florida Statutes (1977).
3. The Husband complains that no pleading supports an award of lump sum alimony. This is without merit. Nusbaum v. Nusbaum, 386 So.2d 1294 (Fla. 4th DCA 1980).
4.As to the remaining points, we affirm upon authority of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Upon consideration of all points, authorities submitted, and arguments, the appealed order is
AFFIRMED.
BERANEK, DELL and WALDEN, JJ., concur.