GRIMES, Acting Chief Judge.
The husband appeals from an order modifying a judgment of dissolution.
We conclude that the court did not abuse its discretion in raising the periodic permanent alimony from $1900 to $2400. Likewise, the record supports the award of attorney’s fees to the wife. The balance of the husband’s arguments are well taken.
There may be instances in which a lump sum alimony award could properly be made in a dissolution modification proceeding. Chillingworth v. Chillingworth, 451 So.2d 934 (Fla. 4th DCA 1984). However, we do not find the circumstances of this case sufficiently compelling to justify such an award.
The modification order also provided:
4. The Wife is hereby awarded 50% of all military retired pay paid by the Department of the Navy to the Husband, in the amount of which shall be credited toward the Husband’s obligation in paragraph two above. To the extent that the Husband’s Military Retired Pay increases in the future due to costs of living adjustments the Wife shall be automatically entitled to 50% of all such increases without the need for further modification proceedings.
According to the wife’s attorney, this provision was designed to accomplish the objective approved in Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982), in which the modification order increased the wife’s permanent periodic alimony from $200 per month to $500 per month and ordered that the alimony “ ‘shall increase automatically in an amount equal to one half of the gross of any increase received by the husband in [military] retirement income....’” Mills at 298. In Mills, however, the amount the husband was to pay the wife in alimony was calculated by reference to the cost of living increases of the husband’s retirement benefits. Here, the court seems to have awarded the wife a one-half interest in the pension itself. In any event, the amounts involved are so much greater in the instant case that a provision such as the one in Mills is inappropriate. Here, the husband’s earnings from his medical practice greatly exceed his military retirement pay, but they are also subject to substan *905 tial fluctuations. Therefore, before the alimony is further modified, matters other than the husband’s military retirement would need to be considered in determining the ability of the husband to pay.
We reverse the award of lump sum alimony and the award of military retirement pay increases. In all other respects, we affirm the order.
RYDER and FRANK, JJ., concur.