WIGGINTON, Judge.
The former husband appeals an order modifying a final judgment of dissolution of marriage. The initial two points on appeal challenge the increase in child support to the parties’ daughters who will have reached the age of majority prior to their graduating from high school. The remaining points challenge the trial court’s ordering the husband to contribute toward the former wife’s attorney’s fees and costs and the amount of the child support increase, as well as its retroactive application. We affirm in part and reverse in part.
The parties’ marriage was dissolved by final judgment on May 16, 1974. The wife was awarded primary physical custody of the four minor children and the husband was required to pay child support in the amount of $66 per child per month.
Thirteen years later, on August 20, 1987, the wife filed her first and only petition for modification requesting an increase in support based on the enlarged needs of the two teenage daughters still residing at home; that the husband be responsible for all noncovered medical, dental, and health-related costs; and a contribution toward her attorney’s fees. In the subsequently entered order the court found that the husband earned $81,500 in 1987, without consideration of his employer’s contribution to his 401K plan, and that he had earned only $15,000 to $16,000 per year at the time of entry of the final judgment. The court in turn found that the wife currently earns $32,400 per year but had earned only $5,500 per year at the time of dissolution. In addition, the court found that both girls are economically dependent within the meaning of section 743.07, Florida Statutes (1987), and our opinion in Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984), and would be entitled to support from the husband despite the fact that both in turn will have reached the age of majority upon graduation from high school. Based on said findings, the court modified the final judgment and ordered the husband to pay child support until each child graduates from high school and increased the support obligation to $725 per month until the older daughter graduates, whereupon the husband is to pay $500 per month for the younger sister until her graduation in June 1990. The court made the child support increase retroactive to the time of the filing of the petition for modification and required the husband to remit all arrearages to the wife. The husband was ordered to pay all medical, dental, and health-related expenses not covered by the wife’s health insurance and to contribute $875 toward the wife’s attorney’s fees and costs.
In regard to the husband’s contentions concerning the child support beyond majority, we find no error. The evidence showed that both daughters had been held back a year by the wife in their earliest years of elementary school due to reading problems. The eldest, Tamara, was eighteen at the time of the hearing, held on March 9,1988, and was scheduled to graduate that June. Her younger sister, Katrina, was approximately sixteen and one-half years of age and was scheduled to graduate in June 1990. The wife testified that both girls were economically dependent on her and their father, needing continuing support until their graduation. There was no testimony indicating that either girl would not graduate as scheduled. On that basis, the evidence clearly justifies the award of continuing support for Tamara based on her economic dependency through graduation. Evans v. Evans. The evidence also supports a finding of the husband’s ability to pay an increased amount.
We also hold that, in the same way, the evidence supports the award in regard to Katrina although, as the husband argues, she was only sixteen and one-half years old at the time of the hearing. We reject his argument that the award to Katrina amounts to an automatic future adjustment normally disfavored by this Court. See Penkoski v. Patterson, 440 So.2d 45 (Fla. 1st DCA 1983). Were we to agree with the husband and hold the award premature as to Katrina, we would be implying that there is a more proper time to *330 file such a petition for modification without our being able to enlighten interested parties as to when in a child’s high school tenure that time would be. We wondered: Would a more appropriate time to file the petition for Katrina be six months prior to her turning eighteen? Three months? One month afterward? Rather than presenting such a troublesome timing dilemma for parties needing and seeking continued economic support for their dependent teenagers, thereby rendering the child’s economic future in high school uncertain and insecure, we prefer, as we did in Evans, to examine each case on its own merits and determine whether the trial court’s order finding economic dependency during high school is supported by the evidence. Compare Gelman v. Gelman, 512 So.2d 236 (Pla. 1st DCA 1987) (order awarding support to child who would be eighteen upon his graduation from high school without finding that child is dependent reversed and cause remanded for court either to strike the award or make a specific finding of fact which would support the requirement); see also Plant v. Plant, 504 So.2d 44 (Fla. 3d DCA 1987); but see Carter v. Carter, 511 So.2d 404 (Fla. 4th DCA 1987); Stultz v. Stultz, 504 So.2d 5 (Fla. 2d DCA 1986); Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983).
Nonetheless, we must reverse the amount of the support award. In paragraph G of the order, the trial court specifically found that the husband’s total gross income for the calendar year 1987 was $81,-500. However, that amount was predicated on a one time relocation expense bonus of $27,000 paid by the husband’s employer. To the contrary, the uncontroverted evidence is that the husband’s total income for 1988 and thereafter will only be $47,000. In light of that discrepancy, and because we are unable to conclude whether the trial court would have made the same award based on that latter income figure, we find it impossible to accord any meaningful appellate review of the award without further explanation by the court. Accordingly, that portion of the order awarding $725 per month child support, reduced to the sum of $500 per month following the graduation of Tamara, is reversed and the cause is remanded for the trial court to reconsider the award in light of the husband’s average income as well as his 1987 income level. Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987). Notwithstanding, we affirm that portion ordering the retroactive application of the child support, Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA 1985), as well as that part ordering the husband to contribute the sum of $875 toward the wife's attorney’s fees and costs.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.