539 So.2d 1177 (1989)
Ronald L. IRWIN, Appellant,
v.
Corrine IRWIN, Appellee.
No. 88-1316.
District Court of Appeal of Florida, Fifth District.
March 16, 1989.
Michael J. Appleton, Orlando, for appellant.
J. Cheney Mason, Orlando, for appellee.
COBB, Judge.
This is an appeal from a modification order increasing the former husband's alimony obligation from $400.00 per month to $2,500.00 per month, based upon a finding by the trial court that the evidence established a substantial change in the former husband's ability to pay and in the former wife's need for support.
The parties, Ronald and Corrine Irwin, were married from 1962 to 1973. At the time of divorce, there were two minor children, and the wife was 31 years old. Pursuant to agreement, she received $400.00 permanent alimony, which was temporarily increased by agreement in 1981 to $575.00. The increase terminated automatically in June, 1987, when the younger child reached majority. At that time Corrine Irwin filed a petition for modification. At the time of hearing she had an annual salary of some $8,200.00 in addition to the $400.00 monthly alimony and miscellaneous income from citrus stock dividends, averaging $1,350.00 *1178 per year. Her financial affidavit claimed a monthly deficit of approximately $1,000.00 per month.
Ronald Irwin argues on appeal that the trial court erred as a matter of law in that the increase in alimony was predicated, at least in part, upon an increase in the former husband's ability to pay rather than upon any increase in the former wife's need as originally established by the parties' standard of living during marriage. See Waldbaum v. Waldbaum, 520 So.2d 87, 89 (Fla. 3d DCA), review denied, 531 So.2d 169 (Fla. 1988); O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). It is undisputed that Irwin has become a wealthy man since the dissolution. However, in a petition for modification the recipient's need is the sine qua non of the determination; unless and until it is established that there has been a substantial increase in need, ability to pay must not be considered. Once that need is established, the question is whether or not the husband has the ability to meet that increased need, in whole or in part. To hold otherwise improperly grants the alimony recipient a continuing interest in the former spouse's good fortune. See Howerton v. Howerton, 491 So.2d 614, 615 (Fla. 5th DCA 1986). It is clear from the record in this case, and from the express findings and comments of the trial judge, that the alimony award was enhanced, at least in part, due to the former husband's increase in wealth notwithstanding the extent of any increase in need established by the former wife.
The appellant argues persuasively in his brief:
To permit this award to stand would give credence to the popular view of alimony as a judicially sanctioned state of indentured servitude, rather than a remedial tool to support a spouse unable to provide for himself or herself.
The 600% increase in alimony was an abuse of the trial court's discretion. The trial court's belief that a former husband's increased ability to pay, in and of itself, may justify an upward modification of alimony was erroneous.
We reverse the increased alimony award of $2,500.00 per month and remand for entry of an award in the amount of $1,400.00 per month, the maximum amount evidenced by the former wife's showing of increased need.
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.