552 So.2d 929 (1989)
James E. HAMILTON, Appellant,
v.
Shirley K. HAMILTON, Appellee.
No. 88-1118.
District Court of Appeal of Florida, First District.
August 24, 1989.
Paula L. Walborsky, Tallahassee, for appellant.
*930 Frank E. Sheffield, Tallahassee, for appellee.
ZEHMER, Judge.
James Hamilton appeals from a final judgment dissolving his marriage to Shirley Hamilton, arguing that the judgment impermissibly awarded his former wife a percentage of his future raises and bonuses. She cross-appeals the judgment, asserting that the award of alimony was excessively low and that the court erred in failing to award her entire claim for attorney's fees and costs. We reverse.
The evidence established that at the time of the final hearing James Hamilton was vice-president of marketing for an electronics firm. In addition to his base salary, he received a yearly bonus of up to 50% of his base salary, which was contingent upon the firm meeting its production goals. The provision of the final judgment that the husband challenges reads as follows:
The Court further directs the Petitioner to annually provide Respondent with documentation of any pay raises he may received [sic] from his employment, commencing with the year 1988. The Respondent shall share in any pay raises of the Petitioner in the amount of fifty (50) per cent [sic] of the net annual raise after deducting federal withholding and social security taxes, with said sum being paid to Respondent by Petitioner in a lump sum, at the same time he pays her the lump sum payment from his bonus referenced below. This payment shall be considered as additional permanent periodic alimony, payable until death or remarriage... . [A]nnually, as Petitioner receives his bonus, if any, he shall remit immediately to Respondent, thirty-five (35) percent of the net amount as additional permanent periodic payments of alimony. This amount shall be paid each year until death or remarriage of Respondent. Documentation of bonuses shall be furnished Respondent by Petitioner.
(R. 113).
James argues this provision violates the well-settled principle that automatic increases in alimony based solely on income increases of the paying party are improper. Shirley, on the other hand, argues that the alimony provision at issue does not really constitute an automatic increase in alimony; rather, she argues, it is merely a non-speculative method of granting to her an amount of money each year based on the amount her former husband receives and avoids annual litigation regarding modification of the judgment. She cites two decisions of this court for support of her position. In the first decision, Spotts v. Spotts, 355 So.2d 228 (Fla. 1st DCA), cert. denied, 361 So.2d 835 (Fla. 1978), the child support award provided for an increase in the base amount of support by "$10.00 per month per child for each $1,000.00 per annum of the husband's net income which exceeds $20,000.00 to which depreciation claimed is to be added." Id. at 229. This court upheld that provision, stating:
The amount of the increase is small. The formula used by the court is precise and definite and will save time and money of all involved because they will not be returning to court every time the husband's net income increases. The husband's right to move for modification under appropriate circumstances is still preserved.
Id.
Unlike the award in Spotts, the amount of increase in alimony provided by the judgment before us is not contemplated to be minimal. Assuming James receives raises and bonuses similar to those received in 1986,[1] the increases in alimony payable would be substantial. Additionally, unlike the formula provided in Spotts, the formula provided in the instant case is not "precise and definite." For example, the requirement that James pay "fifty (50) per cent of the net annual raise after deducting *931 federal withholding and social security taxes," is confusing because it does not make clear what federal taxes[2] are to be deducted prior to determination of the "net annual raise." Thus, we do not find the Spotts case applicable in this instance.
In Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982), the court upheld an alimony modification order that awarded to the wife an increase in alimony "automatically in an amount equal to one-half of the gross of any increase received by the husband in [military] retirement income... ." In upholding that provision, the court reasoned that because the husband's regular increases in retirement benefits were based on the consumer price index, the wife's needs would necessarily increase in proportion to the husband's ability to pay.[3] The court further observed that the award was actually designed to maintain the status quo, not to provide for modifications based on changed circumstances.
Unlike the increases in retirement benefits in Mills, here the amount of the husband's salary increases and bonuses could be based on any number of factors not corresponding to an increase in the cost of living. There is no evidence of a correlation between the increase in alimony and any increase in the husband's ability to pay. Furthermore, unlike the source of payments in Mills which required no future performance of job duties or contingent future events, here the receipt and amount of raises and bonuses are contingent not only upon the husband's future job performance, but the yearly profitability gain of his employer.
The distinctions between the judgment before us and the Mills and Spotts cases illustrate the reasons why automatic increases in alimony based solely on income increases of the paying party are generally improper. See Featherngill v. Featherngill, 478 So.2d 106 (Fla. 2d DCA 1985). First, the law is well settled that an alimony award may be modified only upon a determination that the needs of the receiving spouse, as originally established by the parties' standard of living during the marriage, have changed. See Waldman v. Waldman, 520 So.2d 87, 89 (Fla. 3d DCA), review denied, 531 So.2d 169 (Fla. 1988). The paying spouse's ability to pay does not factor into the consideration unless and until a substantial increase in need is established. Irwin v. Irwin, 539 So.2d 1177 (Fla. 5th DCA 1989). A judgment providing for automatic increases in alimony violates this principle because it allows alimony to be increased, and the award thereby modified, without a determination of change in the recipient's need. Second, it is equally well established in the law that marital property rights cannot inure in property acquired after dissolution of the parties' marriage. Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). A provision awarding automatic increases in alimony to be paid from monies acquired after the judgment of dissolution directly violates this principle as it improperly grants the recipient a continuing interest in the payor's good fortune. See Irwin v. Irwin, 539 So.2d at 1178.
The invalidity of this provision is further supported by this court's statement in Penkoski v. Patterson, 440 So.2d 45 (Fla. 1st DCA 1983), that
Judgments providing for automatic changes in support payments are generally disfavored as there is no evidentiary basis for the determination of future events, and there exists an adequate procedure for modification when changes in the circumstances of the parties do occur.
440 So.2d at 46. See also Davidson v. Davidson, 410 So.2d 943 (Fla. 4th DCA 1982) (change or termination of permanent or periodic alimony based on the anticipated occurrence of an uncertain future event is error).
*932 Accordingly, we hold that the provision of the final judgment awarding as permanent periodic alimony 50% of the husband's future net annual raises and 35% of his future bonuses violates the above principles of law, and that such provision must be reversed.
We need not address the wife's issues on cross-appeal because our reversal of this provision of the judgment impels us to vacate the entire judgment and remand for a redetermination of the alimony scheme. Upon such redetermination, the court shall reconsider the financial resources of each party and redetermine the entitlement to and amount of attorney's fees payable to wife. See Travieso v. Travieso, 447 So.2d 940 (Fla. 3d DCA 1984) (award of attorney fees authorized by section 61.16, Florida Statutes, is a matter of discretion to be exercised after considering the financial resources of each party).
REVERSED and REMANDED.
SHIVERS, C.J., and BARFIELD, J., concur.
NOTES
[1] The evidence showed that husband received a 7% increase in salary and an $18,000 bonus in 1986.
[2] This could mean either monthly withholding or the final tax calculated on the return.
[3] While Mills the court apparently assumed that the husband's ability to pay would necessarily increase in proportion to the wife's needs, such fact may or may not be true depending on the facts of each case. We need not address that issue, however, because the raises and bonuses at issue in this case are not based upon cost-of-living data.