PER CURIAM.
This is an appeal from a final order directing child support to be paid by the children’s father who had a history of delinquent payments. The appellants, the Department of Health and Rehabilitative Services joined with the mother of the children, contend that the trial court erred when it ordered the amount of the payments to be computed solely on a percentage of the father’s income. We agree and reverse.
The marriage of the parties was dissolved in 1985. At that time the father was ordered to pay child support in the amount of $50.00 per week per child with an automatic increase to $62.50 per week per child in the event he earned a gross amount of $350.00 per week. This latter increase represented approximately 36% of the anticipated gross income. The father thereupon commenced a history of late and missed payments caused by fluctuating periods of employment, although, during one period, he did share some of his unemployment compensation with his family. The father claims that his efforts at finding employment are hampered by back problems which cause him difficulty in sitting, standing, and lifting. At the time of the final hearing in this cause, he was employed as an unsalaried bartender in a topless dance establishment which serves no alcohol. The dancers pay to work there and chip in to compensate the bartender. Throughout the period of erratic child support payments, the wife filed numerous notices of delinquency, motions for contempt, and motions for modification upward. The father also filed motions for modification and, later, abatement of child support.
The trial court at various times modified the support award to $75.00 per week for six months after which it would address the problem of the arrearage, found the father in contempt ordering him to spend time in jail with a specified purge amount, and set arrearage payments in addition to child support. The final order which we review is the culmination of the trial court’s efforts to finally resolve the problem posed by this appellee who has consistently fallen short in shouldering his responsibility to his children.
*911 After reviewing the employment history of the appellee, the court stated in its order that it was “not entirely satisfied that the [appellee] is leading as productive a life as he is capable of.” The court then set ar-rearage amounts ($7,861.01), ordered that the appellee pay the costs of HRS in the cause ($50.00) and half of accrued medical expenses for the children ($777.83). For future child support, the appellee was ordered to pay 36% of whatever he earns from whatever source, whenever and however gained. It is this last provision about which the appellants complain.
The appellants argue, with merit, that such an order is totally unmindful of the children’s needs since it is wholly based on the appellee’s earnings, earnings over which the trial court evidently believes he has some control. Child support orders should be based on the children’s needs as well as the parent’s ability to pay. Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979); compare Cone v. Cone, 68 So.2d 886 (Fla.1953) (generalized award of paying fixed amount for laundry and school lunches with direct payments to children of unspecified clothing, amusement and incidental allowances disapproved with direction to trial court to order fixed amount of support as had been previously entered). The order under review creates a child support award which is continuously and prospectively modified without an evidentiary basis to determine future events and no adequate modification procedure if changed circumstances do occur. Rangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982). We have held that a straight percentage award of gross earnings needs close scrutiny because such percentage order could produce a windfall to the recipient spouse over and above the children’s needs or shortchange the same spouse in providing for those needs. Lewis v. Lewis, 450 So.2d 1123 (Fla. 2d DCA 1983). In Lewis, we affirmed a trial court which modified a straight percentage of gross earnings order to one with a fixed amount. We pointed out the important distinction the percentage order in Lewis had from other types of percentage awards approved previously. The same reasoning applies here. See also, Keil v. Keil, 390 N.W.2d 36 (Minn.Ct.App.1986) (disapproval of straight percentage award because of difficulties in enforcement, in planning of parties’ financial affairs, and that disputes fostered over how much income was earned).
In disapproving the straight percentage award here, we do not hold that there is absolutely no place for such an award in a trial court’s scheme to provide adequate child support for children in need. We merely point out that the award we review has no redeeming qualities, such as a fixed minimum of support over which the percentage amount would be triggered, as in Spotts v. Spoils, 355 So.2d 228 (Fla. 1st DCA 1978), or percentage increases tied to factors related to increased need or ability to pay, such as cost-of-living adjustments and automatic military pension increases, Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982), and Bish v. Bisk, 404 So.2d 840 (Fla. 1st DCA 1981). We sympathize with the trial court in its efforts to make the best of a poor situation. We find, however, that the percentage plan ordered here will engender more problems than it will solve.
Reversed and remanded for further proceedings consistent with the views we have expressed.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.