PER CURIAM.
Both the former wife, Carmen Galvan Umstead, and the former husband, Thomas J. Umstead, challenge the trial court’s rulings in this dissolution of marriage action. We affirm in part and reverse in part.
The wife’s appeal challenges the trial court’s distribution of the parties’ marital assets and the amount of permanent alimony awarded to her. The husband in his cross-appeal challenges the equitable distribution and the award of permanent rather than rehabilitative alimony. The husband also contests that portion of the final judgment which provides for automatic increases in permanent alimony as each of the parties’ two children reach their majority. Although we might have ruled differently if we were establishing the amount of permanent alimony, we cannot say that the trial court abused its discretion in setting the amount it did and, accordingly, affirm the award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We also find no error in the court’s equitable distribution of the parties’ marital assets or in the court’s awarding the wife permanent rather than rehabilitative alimony.
We agree, however, with the husband’s contention concerning an automatic increase in permanent periodic alimony. The trial court awarded primary residency of the parties’ two children to the wife and ordered the husband to pay $889 per month child support for each child. The second amended final judgment provided that as each of the children reached the age of majority, the amount of child support attributed to that child would be paid to the wife as. additional permanent periodic alimony. This was error. See Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA1978).
Generally judgments providing for automatic changes in alimony and support payments upon the occurrence of future events have not found favor in Florida. Although there may be circumstances in which a predetermined automatic increase in alimony is proper, such an increase cannot be upheld in this ease. When prospective modifications have been upheld, they are carefully conditioned upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party. Kangas v. Rangas, 420 So.2d 115 (Fla. 2d DCA1982). In this case, there is no evidentiary basis for the determination of the wife’s need or the husband’s ability to pay alimony at the time the future increases will become effective, and the court erred by ordering such increases. See Kinzler v. Kinzler, 497 So.2d 909 (Fla. 5th DCA1986); Reid. There is an adequate procedure for modification when changes in the circumstances of the parties do occur.
We, accordingly, remand to the trial court with instructions to strike all provisions relating to future automatic increases in alimony payments from its judgment. We affirm in all other respects. Featherngill v. Featherngill, 478 So.2d 106 (Fla. 2d DCA1985).
Affirmed in part and remanded with instructions.
DANAHY, A.C.J., and SCHOONOVER and PARKER, JJ., concur.