731 So.2d 719 (1999)
Carlos R. LLOPIS, Appellant,
v.
Valerie LLOPIS, Appellee.
No. 96-2637.
District Court of Appeal of Florida, Third District.
March 10, 1999.
Rehearing Denied May 19, 1999.
Peter C. Bianchi, Jr., Coral Gables, for appellant.
Markus & Winter and Stuart A. Markus, Miami, and Roberto O. Schwarz, for appellee.
Before NESBITT, COPE, and LEVY, JJ.
PER CURIAM.
In August, 1994, the former husband and wife were separated, and on August *720 23, 1996, a Final Judgment for Dissolution of Marriage was entered. They have three children, one of whom was a minor at the time of separation.[1]
We find that the trial court erred in several respects in entering the Final Judgment.
First, we reverse that portion of the Final Judgment, found on pages "5" and "8", which require the husband to be responsible for the wife's attorney's fees. When considering the various items that the husband is required to pay to the wife on a monthly basis, as well as a consideration of the division of marital assets, there is no legal basis to require the husband to pay the wife's attorney fees. See generally, Fla. Stat. § 61.16 (1995); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Accordingly, the Final Judgment must be amended to reflect that each of the parties should bear the responsibility for their own attorney's fees.
Secondly, the Final Judgment must be amended so as to delete paragraph number "20", on page "8", which "reserves jurisdiction to increase both the lump sum alimony payments and the monthly alimony payments when the child support or lump sum alimony is concluded." The inclusion of this language in the Final Judgment improperly suggests that the trial court assumes that the lump sum alimony payments and monthly alimony payments should be increased, and is only awaiting some future event to do that.[2] As in all other cases, the trial court should leave it up to the former wife to file a motion to modify if, and when, she feels that such a motion is necessary and appropriate. The former wife would then have the burden of demonstrating a change of circumstances necessitating the increase in payments. See Fla. Stat. § 61.14 (1995). In addition, we are somewhat baffled in trying to understand what the trial court meant by including language in the Final Judgment that provided that "the lump sum alimony payment" could be increased when the "lump sum alimony is concluded." The lump sum alimony payments that the husband was ordered to pay to the wife were intended to equalize what the trial court felt was a disparity in the equitable distribution of the marital assets. Once that disparity was ended, by virtue of the husband having completed making all of the "lump sum alimony payments", there does not appear to be any basis for increasing those very payments which have, by definition, ended. In any event, the point is rendered moot by virtue of the foregoing portions of this opinion.
Lastly, the trial court found that the husband received $26,366.00 worth of marital assets more than was received by the wife. Accordingly, the trial court ordered the husband to pay $432.00 per month to the wife until the balance of the sum of $26,366.00 was paid off.[3] This amount (the $26,366.00) was designated as lump sum alimony. Requiring the husband to pay the full amount of this difference is a mistake in mathematics. All this would accomplish would be to increase the wife's share of assets by $26,366.00 and, concurrently, reduce the husband's assets by a like amount. That would merely result in *721 the parties changing financial positions, with the wife exceeding the husband in assets by that amount. To equitably distribute the difference of marital assets, which the trial court was attempting to accomplish, the husband should only have been required to pay $432.00 per month only until the amount of $13,183.00 is paid (which is equal to one half of the $26,366.00). This will ensure financial equity between the parties insofar as the division of marital assets is concerned.
Appellant's remaining points either lack merit or have been rendered moot by the passage of time. As a result, those portions of the Final Judgment not specifically addressed herein are affirmed. Accordingly, this cause is remanded to the trial court with directions to enter an Amended Final Judgment consistent herewith.
Affirmed in part, reversed in part, and remanded with directions.
NOTES
[1] Since the child has now reached the age of majority, the issue of child support provided for on pages "2" and "6" of the Final Judgment is now moot.
[2] It should be noted that the foregoing language contained in the Final Judgment in this case must be distinguished from the language used in those Final Judgments entered in cases where the trial court makes a specific finding that the party entitled to receive alimony has financial needs greater than the financial ability of the spouse to pay. Naturally, in such cases, it would be appropriate for the court to make a finding as to the actual alimony needs of one spouse, but to only order the paying spouse to pay the amount that the paying spouse has the ability to pay, with additional language being added to the Final Judgment reserving jurisdiction to increase the payments if, and when, the paying spouse's ability increases.
[3] Found on pages "4" and "7" of the Final Judgment.