976 So.2d 1224 (2008)
Mark STEWART, Appellant,
v.
Lori STEWART, Appellee.
No. 4D07-53.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
Terry Ellen Fixel of Fixel & La Rocco, Hollywood, and Sandor F. Genet of Sandor F. Genet & Associates, P.A., North Miami Beach, for appellant.
Carin M. Porras of Brydger & Porras, LLP, Fort Lauderdale, for appellee.
PER CURIAM.
The former husband appeals from a Final Judgment of Dissolution of Marriage and raises two issues for review. With respect to the issue raised on imputation of income to the former wife, we find that the trial court did not abuse its discretion and affirm that finding.
The other issue raised is whether the trial court properly reserved jurisdiction for an automatic upward modification of alimony should the former husband's income increase or should the former wife lose her job. "[A]utomatic increases in alimony based solely on income increases of the paying party are generally improper." Hamilton v. Hamilton, 552 So.2d 929, 931 (Fla. 1st DCA 1989) (citing Featherngill v. Featherngill, 478 So.2d 106 (Fla. 2d DCA 1985)). There is an exception to this general rule. See, e.g., Llopis v. Llopis, 731 So.2d 719, 720 n. 2 (Fla. 3d DCA 1999) (where the court makes a finding that the party entitled to receive alimony has financial needs greater than the financial ability of the spouse to pay, it would be appropriate for the court to find what the actual alimony needs are and then reserve jurisdiction to increase payments if the spouse's ability to pay increases).
The trial court found that the former husband had the ability to pay more than the amount of alimony actually awarded, *1225 therefore, it should not have reserved jurisdiction for any increases in alimony without the necessary proof of a substantial change in circumstances. See § 61.14, Fla. Stat. (2005); Woolf v. Woolf, 901 So.2d 905, 912 (Fla. 4th DCA 2005). We reverse and remand for the deletion of these provisions from the Final Judgment of Dissolution.
Affirmed in Part; Reversed in Part.
KLEIN, HAZOURI and DAMOORGIAN, JJ., concur.