# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-97 & 3D13-2705
Lower Tribunal No. 12-4800

_____


**Eduardo Fajardo Solache,**
Appellant,

vs.

**Gabriela Lara Solache,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Gabriela Lara Ibarra, Judge.

Harvey D. Rogers and Nory Diaz, for appellant.

Nancy A. Hass (Hallandale Beach), for appellee.


Before SUAREZ, EMAS and SCALES, JJ.

EMAS, J.

In this consolidated appeal, Eduardo Fajardo Solache ("former husband") seeks review of a final judgment of dissolution of marriage and a post-judgment order finding him in indirect civil contempt for his failure to pay alimony and child support as ordered in the dissolution proceedings.

With one exception, we find no merit in the issues raised by former husband regarding the final judgment of dissolution, as there was competent substantial evidence to support the trial court's findings, and no abuse of discretion has been shown in the evidentiary rulings or other determinations made by the trial court. See Canakaris v. Canakaris, 382 So. 2d 1197 (Fla. 1980).

The one exception is the provision in the final judgment that, upon the child reaching the age of majority (and the termination of child support payments), the monthly alimony payments to former wife would automatically increase from $2,100 to $2,500. The final judgment fails to make any specific factual findings, or articulate any reason, for such an automatic prospective increase in alimony. We conclude it was error to provide for this automatic increase. See Stoler v. Stoler, 376 So. 2d 253 (Fla. 3d DCA 1979); Umstead v. Umstead, 620 So. 2d 1074 (Fla. 2d DCA 1993).

With regard to the trial court's contempt order, we find no error. The final judgment was predicated upon an affirmative finding of former husband's ability to pay the support amount ordered. See Bowen v. Bowen, 471 So. 2d 1274 (Fla.

2

1985). This initial determination, which is supported by competent substantial evidence, created a presumption of former husband's ability to pay. Id. at 1278. The trial court's determination, at the contempt hearing, that former husband failed to overcome this presumption, had the present ability to pay, and failed to comply with this order, was also supported by competent substantial evidence.

We therefore affirm the order of civil contempt, and reverse only that portion of the final judgment providing for an automatic increase in former husband's monthly alimony obligation (from $2,100 to $2,500) upon the child reaching the age of 18. We otherwise affirm the final judgment of dissolution. We remand for the trial court to amend the final judgment accordingly.

Affirmed in part, reversed in part, and remanded with directions.

3