700 So.2d 414 (1997)
Hilliard R. SIEGEL, Appellant,
v.
Christine M. SIEGEL, Appellee.
No. 96-2801.
District Court of Appeal of Florida, Fourth District.
September 24, 1997.
Rehearing and Clarification Denied November 6, 1997.
*415 Jay M. Levy of Jay M. Levy, P.A., Miami, for appellant.
Charles Fox Miller of Miller, Schwartz & Miller, P.A., Hollywood, for appellee.
GROSS, Judge.
We affirm the post-dissolution contempt order. Of the issues raised by the former husband, we write to address only one whether the trial court was precluded by statutory exemption from considering individual retirement accounts in determining whether the former husband had the present ability to pay the purge amount set forth in the contempt order.
In a Chapter 61 contempt proceeding a trial court may properly look to a former spouse's individual retirement account to determine whether that spouse has the ability to pay a purge amount in a contempt order. Contrary to appellant's argument, the section 222.21(2)(a), Florida Statutes (1995), exemption of an IRA account from "all claims of creditors" does not shield IRA assets from a court order to pay Chapter 61 obligations.
Chapter 61 demonstrates the intent to pour IRA accounts into the family pot for division or to meet obligations imposed by the chapter. Section 61.076(1), Florida Statutes (1995), declares "all ... funds accrued during the marriage in retirement ... plans" to be marital assets subject to equitable distribution. Section 61.30(2)(a)7, Florida Statutes (Supp.1996), requires that pension, retirement or annuity payments be included as gross income in determining child support obligations.
In Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985), the supreme court stated that in determining whether a contemnor possesses the ability to pay a purge amount, "the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to all assets from which the amount might be obtained." Under Chapter 61 and Bowen, an IRA is not a safe haven where a former spouse can hoard assets while, at the same time, argue that he does not have the present ability to pay a purge amount in a contempt order arising from the non-payment of obligations due under the chapter. Because a person can obtain access to funds in an IRA account, a trial court may properly look to that account as a source of funds to satisfy a purge amount in a contempt order.
In a similar context, this court has affirmed a trial court's order requiring a former spouse to sell a residence to meet alimony obligations, even though the home qualified as a homestead under Article 10, Section 4 of the Florida Constitution. Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991). In its reasoning, Gepfrich quoted the following language from Anderson v. Anderson, 44 So.2d 652 (Fla.1950), which recognizes that exemption statutes are not generally construed to defeat obligations for family support:
The Courts have taken the view that inasmuch as the purpose of the exemption statute is to protect not only the husband but also his family from destitution and becoming a public charge, the exemption statute will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefit against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would, at least in part, defeat its avowed object.
Id. at 655.
For these reasons, the statutory exemption in section 222.21(2)(a), Florida Statutes (1995), does not apply in this case.
GLICKSTEIN and SHAHOOD, JJ., concur.