FLETCHER, Judge.
Dannie Anthony Austin, the former husband, seeks to reverse an order denying his petition to temporarily reduce alimony and child support. We reverse and remand for rehearing.
When the parties entered into a mediated settlement agreement in 2002, Austin’s yearly income as a vice president of American Express was approximately $200,000, and the former wife’s imputed yearly income was about $16,000. Austin agreed to pay to the former wife $4,900 per month in permanent periodic alimony and $100 per month toward child support (one child lived with Austin, two with Lilliam Fernandez, the former wife).
In 2003, Austin filed a supplemental petition to terminate or modify alimony, and to modify child support. Since the first settlement agreement, Austin had been terminated from his job and now earns approximately $12,000 yearly, although he is optimistic about his future earning potential. He has since remarried and has another child.
The trial court found that Austin’s net worth, which included his house, pension plan and certain liquid assets, had increased, while the former wife’s net worth had decreased. The trial court denied Austin’s petition to modify or terminate alimony and ordered him to pay $28,000 in retroactive support, and to continue to pay $4,900 per month in permanent periodic alimony, thus forcing him to spend down his current assets. Specifically, the trial court’s order stated, “The court finds that the Former Husband, by utilizing his assets, has the ability to continue to pay $4,900.00 in permanent periodic alimony.... [B]y depleting his assets at the rate of $4,000.00 per month and if his net monthly income remains at $4,000.00 he should be required to deplete his assets to pay the alimony for 25 months.” [R.88] This is error.
We find that Austin’s involuntary loss of his executive’s income is sufficient change in circumstance to warrant a temporary reduction in alimony payments. See, e.g., Hackney v. Hackney, 560 So.2d 423 (Fla. 4th DCA 1990)(husband’s loss of executive position and current unemployment constituted adequate grounds for modification); Haas v. Haas, 552 So.2d 252 (Fla. 4th DCA 1989)(surgeon husband who lost operating privileges due to alcoholism, thereby causing reduction in income, constituted sufficient change of circumstances to warrant reduction of alimony). There is no evidence in the record that Austin is deliberately seeking to avoid paying alimony; *120 on the contrary, he testified to his diligent search for comparable employment. See Kinne v. Kinne, 599 So.2d 191 (Fla. 2d DCA 1992)(under the “good faith test,” a court will grant a temporary reduction or suspension in alimony when the obligor has suffered a reduction in income without deliberately seeking to avoid paying alimony and is acting in good faith to return his income to its previous level); Whetstone v. Whetstone, 710 So.2d 749, 750 (Fla. 4th DCA 1998)(The “good faith test” has been applied to allow for temporary relief from alimony based on a temporary change in circumstances.).
Austin is entitled to a temporary downward modification in his monthly alimony obligation, sufficient to allow him to retain his assets and get back on his financial feet. When his income increases, the former wife may petition for an upward modification in permanent alimony. We therefore reverse the order on appeal and remand the cause to the trial court with directions to further consider appellant’s petition for modification of permanent alimony.
Reversed and remanded.