WHATLEY, Judge.
Michelle Jackson, the Wife, petitions this court for certiorari review of the order denying her motion to hold Mark Jackson, the Husband, in contempt for failure to pay her temporary alimony and attorney’s fees totaling $92,000 pursuant to the order for temporary support.[1] We grant certio-rari and quash the trial court’s order.
The parties were married in 2005, and the Husband filed for dissolution of their marriage in 2010. The Husband is the sole shareholder and director of, among other corporations, MJ-99, which has a mutual fund account the trial court referred to as the Vanguard account. At the hearing on the Wife’s motion for contempt, the trial court stated that when it entered the order on temporary support, it believed that the Husband had access to the approximately $700,000 in the Vanguard account because of the Wife’s expert’s testimony at the hearing on the motion for temporary support that income was being placed in that account. The Husband appealed the temporary support order soon after the Wife filed her motion for contempt. Another panel of this court affirmed that order.
At the contempt hearing, the Husband argued for the first time that he could not use funds from the Vanguard account to pay temporary support because it is a corporate account and the corporation’s bylaws contain a spendthrift provision.[2] The trial court found that the Husband’s failure to pay the amounts set forth in the order on temporary alimony and attorney’s fees was not willful because the corporate bylaws prohibited him from accessing corporate funds to pay a spousal support judgment. It therefore denied the Wife’s motion for contempt. The court reserved jurisdiction regarding the issue of whether *114 it could require the Husband to liquidate his IRA or annuity. At the hearing, the court ordered the parties to brief the reserved issue, but the appendices submitted by the parties do not contain any orders resolving the issue.
“ ‘The applicable standard of review [by certiorari of a contempt order] is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law.’ ” Reilly v. Design Build Interamerican, Inc., 954 So.2d 673, 674 (Fla. 3d DCA 2007) (quoting Boby Express Co. v. Guerin, 930 So.2d 842, 843 (Fla. 3d DCA 2006)).
In a civil contempt proceeding for failure to pay ... alimony, the movant must show that a prior court order directed the party to pay the support or alimony, and that the party in default has failed to make the ordered payments. The burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations. The court must then evaluate the evidence to determine whether it is sufficient to justify a finding that the defaulting party has willfully violated the court order.
Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985).
The Husband failed to dispel the presumption of his ability to pay established by the temporary order of support because the spendthrift provision is not a circumstance that intervened since the order was entered nor, more importantly, is it a circumstance beyond his control. The provision is part of the corporate bylaws of a corporation the Husband established in 2006 and of which he is the sole shareholder, officer, and director. He did not bring the provision to the court’s attention at the hearing on the Wife’s motion for temporary support. At that hearing, the Wife’s expert testified that his examination of the Husband’s financial documents showed that the money going into the Husband’s personal account which was used to pay his personal expenses came in part from the Vanguard account. The Husband testified that the funds from the Vanguard account were repayments of loans he made to MJ-99. The Wife’s counsel pointed out that the Husband has consistently listed the Vanguard account shares on his personal financial affidavits on the line for stocks and bonds, and the trial court noted this fact in the temporary support order. Under these circumstances, we find that the trial court departed from the essential requirements of the law in finding that the Husband did not have access to the Vanguard account to pay the Wife the support it had ordered.[3]
In addition to the Vanguard account, the court could have found that the Husband has access to the $70,500 in his IRA, see Siegel v. Siegel, 700 So.2d 414, 415 (Fla. 4th DCA 1997) (“Because a person can obtain access to funds in an IRA account, a trial court may properly look to that account as a source of funds to satisfy a purge amount in a contempt order.”), and the $46,500 in his annuity, see Koll v.Koll, 812 So.2d 529, 533 (Fla. 4th DCA 2002) (“A court is required to consider all assets and property interests of the obligor [sought to *115 be held in contempt], including cash as well as real property and business interests.”)- Before tax penalties, these two amounts alone exceed the $92,000 the Husband owed the Wife as of the date of the contempt hearing.[4]
Accordingly, the trial court departed from the essential requirements of law by finding that the Husband had not willfully failed to pay the Wife the temporary support it had ordered in light of the assets available to the Husband from which to pay the amounts ordered. The court’s error causes the Wife irreparable harm not remediable on appeal because she is deprived of funds to pay her attorneys and to support herself during the dissolution litigation. See Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997) (reaffirming importance of both parties in dissolution of marriage action having a similar ability to obtain competent legal counsel).
Accordingly, we grant the petition for writ of certiorari and quash the court’s order denying the Wife’s motion for contempt.
LaROSE and BLACK, JJ., Concur.

. We have jurisdiction. See Knorr v. Knorr, 751 So.2d 64, 65 (Fla. 2d DCA 1999) ("prejudgment civil contempt orders are more properly reviewed by certiorari”).

. The spendthrift provision states in pertinent part: "The corporation will not disburse any of its monies ... to its shareholders, directors or officers in the event such a disbursement would directly or indirectly be used to satisfy any ... spousal support court ruling or judgment. ..."

. The corporation is not a party to this appeal, and we express no opinion on the validity of the spendthrift provision.

. In addition, the Husband has approximately $400,000 in equity in his home, but it is unknown whether he has an equity line of credit on the house or how long it would take him to obtain one, assuming there is no impediment to him qualifying for such.