CRENSHAW, Judge.
Karen Voda (Former Wife) filed for dissolution of marriage from John Voda (Former Husband) in 2009; the trial court equitably distributed the assets and awarded Former Wife permanent, periodic alimony of $500 monthly for five years and $1 monthly nominal alimony thereafter. Former Husband challenges the alimony award on appeal; Former Wife challenges the equitable distribution scheme and a few other points on cross-appeal. Because the trial court erred by failing to determine Former Husband’s ability to pay alimony, we reverse as to that issue only and note a ministerial detail to be considered on remand. The cross-appeal is affirmed without comment.

DISCUSSION

Standard of Review

Essentially all of the issues in this appeal are reviewed for an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980). In Cana-karis, the supreme court clarified,
“Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the “reasonableness” test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Id. at 1203 (citation omitted).

Merits

Need for Alimony Award

The Former Wife requested various types of alimony including a lump-sum award of the marital property because of her greater need. The trial court declined to award property as lump-sum alimony, but did award permanent, periodic alimony in the amount of $500 monthly for five years and nominal $1 monthly thereafter to Former Wife particularly in light of her increased insurance needs.[1] See Schmidt v. Schmidt, 997 So.2d 451, 454 (Fla. 2d DCA 2008) (“[W]hen one party is entitled to permanent[,] periodic alimony ... the trial court should award a nominal sum of permanent[,] periodic alimony, which will give the court jurisdiction to reconsider the award....”). The trial court found that Former Wife had a need for the alimony in order to pay for health insurance because she had suffered from cancer. Also, her insurance premiums would be significantly higher than they were during the marriage because she would no longer be on Former Husband’s policy. Neither the findings of need nor the amount of alimony constitutes an abuse of discretion because they are supported by competent, substantial evidence. See Zinovoy v. Zinovoy, 50 So.3d 763, 766 (Fla. 2d DCA *938 2010) (reviewing for competent, substantial evidence the amount of an alimony award); Hornyak v. Hornyak, 48 So.3d 858, 861 (Fla. 4th DCA 2010) (reviewing for competent, substantial evidence the need for an alimony award). Accordingly, we affirm on this issue.

Ability to Pay Alimony

Former Husband posits that he has no ability to pay alimony. We conclude that neither the final order nor the record reflects whether the trial court determined Former Husband’s ability to pay. The trial court must make findings as to a spouse’s ability to pay. See Crick v. Crick, 78 So.3d 696, 698 (Fla. 2d DCA 2012) (citing § 61.08(2), Fla. Stat. (2010)). A failure to state such findings can be harmless error when we can determine from the order itself or from the transcripts that such findings were in fact made. Williams v. Williams, 923 So.2d 606, 608 (Fla. 2d DCA 2006) (“The failure to make the required findings [regarding alimony] may constitute harmless error when our review is not hampered by their absence.”); see also Gray v. Gray, 103 So.3d 962, 967 (Fla. 1st DCA 2012) (reversing where the final order lacked requisite statutory findings regarding ability to pay). Even if the trial court did consider the Former Husband’s ability to pay, we cannot determine such consideration took place. Therefore, we reverse for the trial court to determine Former Husband’s ability to pay while making the necessary specific findings.
Finally, the Former Husband asks us to require the trial court to correct the alimony award for its failure to include language that the alimony must terminate upon the Former Wife’s death or remarriage. Section 61.08(8), Florida Statutes requiring the termination of alimony in either one of those two circumstances, did not exist when Former Wife commenced this dissolution action. Even now, it does not mandate specific language in an alimony award. Accordingly, the failure of the order to include the relevant language does not merit reversal. However, because we reverse on the ability-to-pay issue, we encourage the trial court to specifically state on remand that any new award of alimony terminates upon death or remarriage.

CONCLUSION

We reverse the trial court’s alimony award for failure to determine Former Husband’s ability to pay alimony. The cross-appeal is affirmed.
Reversed and remanded with directions on appeal; affirmed on cross-appeal.
WALLACE and KHOUZAM, JJ., Concur.

. Although not an issue in this appeal, we note that "automatic changes in alimony payments based upon the occurrence of future events are generally disfavored” though they "may be appropriate when they are 'carefully conditioned upon specifically articulated changes in circumstances....." Walker v. Walker, 818 So.2d 711, 713 (Fla. 2d DCA 2002) (quoting Kangas v. Kangas, 420 So.2d 115, 116 (Fla. 2d DCA 1982)).