CRENSHAW, Judge.
John Anderson (Former Husband) appeals the trial court’s order granting a temporary reduction in his alimony obligation to Joan Anderson (Former Wife). On appeal, Former Husband raises two issues, the first of which we affirm without further comment. We write only to address a provision in the modification order providing that Former Husband’s monthly alimony obligation will automatically revert from $2000 to the premodification amount of $4000. This increase is conditioned on the relative income levels of the parties returning to what they were at the time of the 2000 final judgment of dissolution and a subsequent 2009 order denying Former Husband’s previous petition for modification.[1] We reverse the modification order to the extent it provides for this sizeable, automatic increase in Former Husband’s alimony obligation.
Generally, “automatic changes in alimony payments based upon the occurrence of future events are ... disfavored.” Walker v. Walker, 818 So.2d 711, 713 (Fla. 2d DCA 2002) (citing Kangas v. Kangas, 420 So.2d 115, 116 (Fla. 2d DCA 1982)); see Voda v. Voda, 122 So.3d 936, 937 n. 1 (Fla. 2d DCA 2013). However, “[pjrospec- *367 tive modifications may be appropriate when they are ‘carefully conditioned upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party.’ ” Walker, 818 So.2d at 713 (quoting Kangas, 420 So.2d at 116). Here, there is an absence of such carefully crafted conditions. The relevant portion of the modification order directs as follows:
Should the husband’s income increase back to the point where the relative incomes of the parties return to that of the time of the Final Judgment (and 2009 Order), the original Final Judgment will revert to full force and effect, without the necessity of the former wife filing a petition and/or proving a substantial change in circumstances.
The modification order only conditions the automatic increase in alimony on the parties’ relative income levels, thereby ignoring the myriad factors that may impact Former Husband’s future ability to pay. See Austin v. Fernandez, 898 So.2d 118, 120 (Fla. 3d DCA 2005) (“Austin is entitled to a temporary downward modification in his monthly alimony obligation, sufficient to allow him to retain his assets and get back on his financial feet. When his income increases, the former wife may petition for an upward modification in permanent alimony.”). This automatic increase is especially concerning in light of its size. Cf. Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982) (affirming order providing for relatively modest automatic increases in alimony obligation); Spotts v. Spotts, 355 So.2d 228, 229 (Fla. 1st DCA 1978) (“The final judgment required the husband ... to increase the child support $10.00 per month per child for each $1,000.00 per annum of the husband’s net income which exceeds $20,000.00 .... We find no error in the method used by the trial court in providing for future automatic child support increases. The amount of the increase is small.”). Therefore, the modification order is reversed insofar as it provides for an automatic $2000 increase in Former Husband’s monthly alimony obligation.
Affirmed in part; reversed in part.
NORTHCUTT and BLACK, JJ., Concur.

. The trial court found, "At the time of the Final Judgment, [Former Wife] made 29% of the parties' income” and “in 2009 she made 28% of the parties' income."