MORRIS, Judge.
Claudia Wix, the former wife, appeals a postdissolution order denying her motions to vacate the findings of a magistrate and to find her former husband, Donald Wix, in contempt of court. The former wife’s contempt motion was filed after the former husband failed to pay alimony as required by the parties’ second amended final judgment of dissolution of marriage. After the magistrate issued her report and recommendation declining to find the former husband in contempt, the former wife filed her motion to vacate. The trial court ultimately denied the motion to vacate and adopted the magistrate’s report and recommendation, thereby denying the former wife’s motion for contempt. We conclude that because the trial court failed to consider the former husband’s 401k as part of his ability to pay the' alimony arrearages, the trial court’s order must be reversed.
*314 There is no dispute in this case that the former husband failed to pay the required amounts of alimony as set forth in the second amended final judgment. There is also no dispute that he had over $40,000 in a 401k account from his former employer and that at the time of the hearing on the motion for contempt, he was employed. However, the former husband asserted that he lacked the ability to pay because he had a monthly deficit every month after paying all of his expenses, which included a small portion of the alimony payments that had been previously ordered. The former wife argued that the former husband should be required to pay the alimony arrearages from the 401k account, but the magistrate rejected that argument. The magistrate, citing Galligar v. Galligar, 77 So.3d 808, 812 (Fla. 1st DCA 2011), and Austin v. Fernandez, 898 So.2d 118, 119 (Fla. 3d DCA 2005), found that while the former husband’s assets could be considered in determining his ability to pay, “the court cannot require the former husband to deplete assets to make alimony payments.” The magistrate contrasted the case of Siegel v. Siegel, 700 So.2d 414, 415 (Fla. 4th DCA 1997), by quoting the portion of the opinion holding that a trial court could consider an IRA account as a source of funds to pay a purge amount in a contempt order. It appears that the magistrate was making a distinction between a regular alimony obligation and a purge amount set after a party has been found in contempt. By adopting the magistrate’s report and recommendation, the trial court necessarily determined that the findings were supported by competent, substantial evidence.
We review the trial court’s adoption and ratification of a general magistrate’s report and recommendations for abuse of discretion. Drdek v. Drdek, 79 So.3d 216, 216 (Fla. 4th DCA 2012).
Because an alimony provision in a final judgment of dissolution is based on a finding that the payor has the ability to pay, that creates a presumption for subsequent proceedings that there is an ability to pay. See Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985). In a civil contempt proceeding, once the movant has established that there is a prior court order directing the payment of alimony and that the payor has failed to make payments,
[t]he burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations. The court must then evaluate the evidence to determine whether it is sufficient to justify a finding that the defaulting party has willfully violated the court order.
Id. at 1278-79.
The former husband argues that because he was not found in contempt, the magistrate, and later the trial court, correctly determined that he was not obligated to use the 401k for purposes of paying the alimony arrearage. We recognize that the court in Bowen referred to a second step in a contempt analysis. Specifically, when a court has found that a civil contempt has occurred, it must determine the appropriate means of obtaining compliance and, if incarceration is selected, “the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.” 471 So.2d at 1279. In determining ability to pay, the trial court “may look to all assets from which the amount might be obtained.” Id.
*315 Although the Bowen court mentions consideration of all available assets within the context of setting a purge amount, this court has found that a payor’s investment accounts may be considered in the first step of the contempt analysis, i.e., in determining whether the payor willfully refused to pay the court ordered support. In Jackson v. Jackson, 98 So.3d 112 (Fla. 2d DCA 2012), this court quashed the trial court’s order denying a motion for contempt.[1] There, although the former husband had a large corporate investment account, he claimed an inability to pay based on a spendthrift provision relating to the account. However, we held that the former husband failed to dispel the presumption of his ability to pay alimony because the spendthrift provision was neither a circumstance that intervened since the support order was entered nor was it a circumstance beyond his control.[2] Id. at 114. Due to the availability of the investment account, we concluded that the trial court departed from the essential requirements of law by finding that the former husband did not willfully fail to pay the temporary support award. Id. And we noted in dicta that “the court could have found that the Husband has access to the $70,500 in his IRA.” Id.
Similarly, in Dorsey v. Dorsey, 961 So.2d 1108 (Fla. 2d DCA 2007), we concluded that the payor’s IRA account could be considered for purposes of paying an alimony arrearage despite the trial court’s conclusion that the payor was not in contempt. Although we reversed the trial court’s order requiring payment out of the IRA account, we did so only to the extent that it required alimony to be paid ahead of an IRS debt which the parties had agreed would be paid first. Id. at 1110. However we specifically held that after payment of the IRS debt, “any remaining balance in that IRA ... will be available to [the former husband] to pay alimony.” Id. In reaching that conclusion, we agreed with the Fourth District’s opinion in Sie-gel, 700 So.2d 414, wherein the court determined that a payor spouse cannot claim inability to pay while at the same time using an IRA to hoard assets.
The fact that the account in question here is a 401k rather than an IRA account does not require a different result. As noted by the court in Siegel, there are various provisions within chapter 61, Florida Statues, that provide that retirement accounts are to be included in the analysis of what assets are available for purposes of equitable distribution and support. Siegel, 700 So.2d at 415; see also §§ 61.076, 61.08(2)(d) & (i), 61.30(2)(a)(7), Fla. Stat. (2011).
Consequently, because the magistrate failed to consider the former husband’s 401k account as an available asset in determining whether the former husband was in contempt, the trial court abused its discretion by adopting the magistrate’s report and recommendation and by denying the former wife’s motions to vacate and for *316 contempt. We therefore reverse the trial court’s order.
Reversed.
CASANUEVA and BLACK, JJ., Concur.

. Jackson involved a prejudgment temporary support order and thus was reviewable via a petition for writ of certiorari.

. Although in Jackson this court noted the former husband’s controlling role in operating the corporation that held the account and the fact that he was using the account to fund his personal expenses, 98 So.3d at 114, those distinguishing facts are not dispositive of the issue in this case: whether a 401k may be considered as part of the analysis in determining whether a payor spouse is willfully refusing to pay alimony.
The problematic finding in this case was that the former husband should not be required to deplete his assets in order to pay alimony. That finding suggests the magistrate did not believe she had to consider the 401k as an available asset for purposes of paying the alimony arrearage.