NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREGORY HOFSCHNEIDER,     )
     )
     Appellant,     )
     )
v.     )     Case No. 2D15-270
     )
LAURI S. HOFSCHNEIDER,     )
     )
     Appellee.     )
_____)

Opinion filed October 14, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Richard A. Nielsen, Judge.

Gregory Hofschneider, pro se.

Jeremy T. Simons of Simons & Catey, P.A.,
New Port Richey, for Appellee.


KHOUZAM, Judge.

Gregory Hofschneider, the Former Husband, appeals an order holding him in indirect civil contempt entered during the pendency of Lauri S. Hofschneider's petition to modify the final judgment of dissolution. The contempt order required the Former Husband to pay $100 for each day he failed to comply with a prior order of the court. Such an order is nonfinal and not appealable but is reviewable via certiorari. See

Jackson v. Jackson, 98 So. 3d 112, 113-14 (Fla. 2d DCA 2012); Knorr v. Knorr, 751 So. 2d 64, 65 (Fla. 2d DCA 1999) ("[P]rejudgment civil contempt orders are more properly reviewed by certiorari.").  Accordingly, we convert this appeal to a petition for writ of certiorari.  However, because Mr. Hofschneider has failed to establish that he has suffered a material injury that cannot be corrected on postjudgment appeal, we dismiss the petition.  See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648-49 (Fla. 2d DCA 1995).

Petition dismissed.


WALLACE and SALARIO, JJ., Concur.