# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-2022
_____

VIVIAN C. LAVINDER, Former
Wife,

     Appellant,

     v.

RICHARD M. BRYSON, JR.,
Former Husband,

     Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Jr., Judge.


August 21, 2024

PER CURIAM.

In this post-dissolution of marriage case, Vivian Lavinder, appeals the denial of her motions for contempt and for accounting arrearages. While finding no error in the trial court's denial of the motions, we remand only for correction of the order as detailed below.

The parties divorced in 2004 and a Final Judgment of Divorce was entered in Alabama. That judgment adopted the parties' marital settlement agreement (MSA). Under the MSA, Mr. Bryson agreed to pay Ms. Lavinder $1,000 per month in periodic alimony.

Over time, Bryson's alimony obligation was satisfied through Lavinder's receipt of Mr. Bryson's Social Security benefits.

Later, Mr. Bryson relocated to Florida. In 2013, Ms. Lavinder filed in the Circuit Court for Escambia County in Florida a Verified Petition to Establish Foreign Decree as Florida Order and for Enforcement of the MSA. In 2014, that court issued an order declaring it would apply Alabama law to resolve the legal issues raised in Lavinder's petition in interpreting the MSA. The court also concluded that under *Frazier v. Frazier*, 455 So. 2d 883 (Ala. Civ. App. 1984), Social Security benefits may be used to satisfy an alimony obligation or stated another way, were a credit against alimony due.

Over the years, while her petition remained pending in the trial court, Ms. Lavinder continued to challenge the applicability of *Frazier* and whether Mr. Bryson was indeed entitled to a credit against the required alimony payments for the payments she was receiving through his Social Security benefits.

In 2022, Ms. Lavinder filed a motion for contempt and a motion for accounting of alimony arrearage. The trial court denied these motions, finding that because Lavinder was receiving, through Mr. Bryson's Social Security benefits, payments in excess of the alimony obligation, the alimony obligation was "terminated as a matter of law." The trial court also terminated "as a matter of law," a condition of the MSA that Mr. Bryson maintain life insurance with Ms. Lavinder as the named beneficiary.

It is the appeal of the denial of these motions that brings the case now before us. This Court has jurisdiction as the order appealed is an appealable final order. *See Kyle v. Carter*, 290 So. 3d 640, 641 (Fla. 1st DCA 2020) ("A post-judgment contempt order is an appealable final order.") (citing *Orban v. Rorrer*, 279 So. 3d 234, 236 (Fla. 3d DCA 2019)).

"A trial court may hold a party in contempt for intentionally failing to comply with a court order." *St. Onge v. Carriero*, 252 So.- 3d 1280, 1281 (Fla. 1st DCA 2018) (citing *Rojo v. Rojo*, 84 So. 3d 1259, 1261–62 (Fla. 3d DCA 2012)). In civil contempt proceedings for the non-payment of alimony, the movant has the

2

initial burden of showing that there is a prior court order clearly requiring the responding party to pay alimony and that the responding party failed to make the ordered payments. *See Wix v. Wix*, 159 So. 3d 312, 314 (Fla. 2d DCA 2015); *cf. Sears v. Sears*, 617 So. 2d 807, 809 (Fla. 1st DCA 1993).

Ms. Lavinder did not carry her burden here. While the MSA adopted under Alabama final judgment requires Mr. Bryson to pay alimony, the trial court correctly determined that Ms. Lavinder did not establish that Mr. Bryson failed to meet his alimony obligation. The trial court applied Alabama law and *Frazier* specifically to conclude that the payment of Bryson's Social Security benefits to Lavinder satisfied his alimony obligation in full. Further, despite filing the motions and setting a hearing, Ms. Lavinder failed to appear at the contempt hearing. Thus, she introduced no admissible evidence to prove that Bryson failed to make the required alimony payments. For these reasons, we find no error in the trial court's decision to deny Lavinder's motions for contempt and for an accounting of the alleged alimony arrearage.

However, it its written order, the trial court incorrectly concluded that Mr. Bryson's alimony and life insurance obligations were "terminated as a matter of law." First, the trial court lacked jurisdiction to terminate the alimony requirement. *See* § 88.2111(2), Fla. Stat. ("A tribunal of this state may not modify a spousal support order issued by a tribunal of another state or foreign country having continuing, exclusive jurisdiction over that order under the law of that state or foreign country."). Second, under *Frazier*, an alimony obligation is not terminated through the payment of Social Security benefits. Rather, the party required to pay alimony receives a credit against an alimony obligation for Social Security payments or benefits received by the other party. *See Frazier*, 455 So. 2d at 885. To be sure, such a credit may completely satisfy or exceed Mr. Bryson's alimony obligation (in which case he could be due a reimbursement), but that credit does not extinguish the alimony obligation. Thus, we remand with instructions that the language terminating the alimony "as a matter of law" be stricken from the order.

AFFIRMED in part, and REMANDED with instructions.

3

LEWIS, ROWE, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Olivia M. Brooks and Jerry L. Rumph, Jr., Brooks Law, Tallahassee; and Richard K. Vann, Jr., Copeland, Franco, Screws & Gills, PA, Montgomery, Alabama, for Appellant.

Todd M. LaDouceur and Chris K. Ritchie, Galloway, Johnson, Tompkins, Burr & Smith, P.L.C., Pensacola, for Appellee.